IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY BRODZKI | § | |
| | § | |
| V. | § | A-11-CA-223-SS |
| | § | |
| THE STATE OF TEXAS | § | |

| | | |
|---|---|---|
| ANTHONY BRODZKI | § | |
| | § | |
| V. | § | A-11-CA-337-SS |
| | § | |
| CITY OF NORTH RICHLAND HILLS | § | |
| AND STATE OF TEXAS | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. ANALYSIS

Plaintiff Anthony Brodzki ("Plaintiff")—who resides in North Richland Hills, Texas—has filed two separate Complaints with the Court. In the first, styled *Anthony Brodzki v. State of Texas*, No. A-CV-223-SS (W.D. Tex. 2011), he asserts various violations of his civil rights and tort claims against the State of Texas. In the second Complaint, styled *Anthony Brodzki v. City of North Richland Hills and State of Texas*, No. A-CV-337-SS (W.D. Tex. 2011), he alleges violations of his

civil rights and tort claims against the State of Texas and the City of North Richland Hills. After considering Plaintiff's financial affidavits in each case, the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status in both cases listed above.

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review each Complaint pursuant to §1915(e)(2). That statute reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
>
> (B) the action or appeal-
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial.*" Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

*Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In his first case Plaintiff alleges that "the state patrol has impeded me, forced me to leave the state, on recent visits, called me on my cell phone and told me I was an undocumented pedophile and pulled my penis out in a public place and was not welcome in the state." *See* Complaint at p. 1. Plaintiff alleges violations of 42 U.S.C. § 1983, "emotional infliction of stress," assault, battery, "false imprisonment of the mind," defamation, and slander. *Id.* He requests $5,000,000.00 in damages.

In his second case, Plaintiff generally alleges that the mayor of North Richland Hills is electronically harassing Plaintiff by implementing police dispatch equipment to spy on his thoughts and physically hurt him. Plaintiff asserts the following to support his claims (spelling is Plaintiff's):

> I am torted and battered by North Richland Hills residence daily. This has gone on for three years. The police department in June, with police standing on the screen, where so bold as to run me out of the neighborhood by using disorientation police equipment, ordered by Mr. Trevino, to Jim Purdue, to run me out of the city. In June of 2008, he used his disorientation equipment to kick me out of his city, and succeeded. He had help and still has help from the state patrol and various state cronies who control the state patrol. He distorts my sleep, by ordering state medical workers to use the disorientation equipment first used in Nevada, see background information, to keep me from sleeping. He had teamed himself with ambient corporation, a campany which has manufactured the collar which reads the minds of people who have strokes, technology used on stroke patients. This conduct goes on day after day. He has assaulted me and has ordered the assault and torture of me over 5000 times in the last three years. He rationalizes to me, through his police that I am unconvinced pedophile and he has the right to take the law into his own hands along with his police chief. . . .

Plaintiff's Complaint in A-11-CA-337 SS, at p. 1-2.

3

Plaintiff also alleges that North Richland Hills Mayor Trevino: (1) has a heavyset person who listens to his thoughts in the library; (2) instructed the police chief to put up child pornography on a police screen while Plaintiff waited for his brother to go to the police restroom; (3) authorized the use of horrible equipment that can cause the loss of an eye; and (4) authorized the use of equipment that stings the penis area. *Id.* Plaintiff also claims that Mayor Trevino got the police and residents to call him on his cell phone and ask him to leave at least 1000 times in the last month. *Id.* at p. 2. Plaintiff requests half a billion dollars in damages for these alleged invasions of his privacy and assaults.

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and presumably under state tort law. With regard to his claims against the State of Texas, the Eleventh Amendment bars claims against a state brought pursuant to 42 U. S.C. § 1983. *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998). A state's sovereign immunity is not waived for claims pursuant to § 1983. *Id.* Additionally, the State of Texas, its agencies, and subdivisions generally enjoy sovereign immunity from general tort liability. *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). There are three exceptions to the State's general immunity from tort claims: "the use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003); TEX. CIV. PRAC. & REM.CODE § 101.021. None of these exceptions apply to Plaintiff's allegations, and thus Plaintiff's state law tort claims are precluded by the State's sovereign immunity.

With regard to his claims against the City of North Richland Hills, Plaintiff's claims make little sense and he points to no facts supporting a constitutional violation or a tort. Based upon his "fanciful, fantastic and delusional" allegations, Plaintiff's Complaint is subject to dismissal for being

4

"factually frivolous" since his allegations are "clearly baseless." *Hicks v. Garner*, 69 F3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992)). Based upon the foregoing, the undersigned recommends that the complaints be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, Brodzki has a history of filing frivolous lawsuits. He has alleged these same or similar facts in many previous suits, all of which have been dismissed. According to PACER, Brodzki has filed more than 60 cases, including appeals, since August 26, 2009. The Court also notes that the Northern District of Illinois has issued a vexatious litigant order against Brodzki. *See In Re: Anthony J. Brodzki*, Civil Docket No. 1:10-CV-04591 (Order dated July 23, 2010). Brodzki has also been monetarily sanctioned in the Northern District of Texas based upon his history of submitting multiple frivolous lawsuits. *See Brodzki v. North Richland Hills Police Department*, Civil Action No. 3:10-CV-0539-P-BH (Order dated March 31, 2010). The docket reflects that Brodzki never paid that sanction. Many of Brodzki's prior lawsuits were found to be frivolous and as one Court stated "wholly within in the realm of fantasy." *Brodzki v. Regional Justice Center*, D.Nev. Civil Docket No. 2:10-CV-01091-LDG-LRL (Order dated July 22, 2010). Like this case, Brodzki's prior claims frequently involved allegations of electronic harassment by law enforcement.

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

5

Based on Plaintiff's past and continued conduct, the Court warns Plaintiff that if he continues to file meritless, vague, and impossible claims, the Court may impose sanctions in the future. Such sanctions may include a broad injunction, barring him from filing any future actions in the Western District of Texas without leave of court, as well as monetary sanctions. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

## II. RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court DISMISS Anthony Brodzki's Complaints in both cases noted above as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate FURTHER RECOMMENDS that the District Court ENTER the warnings outlined above.

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE